IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NIEYA ANDIE OWUSU ANSAH**, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24cv1375 |
| | ) | **Electronic Filing** |
| **RAYMOND D. JORDAN** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF COURT**

AND NOW, this 11th day of August, 2025, for the reasons set forth in the memorandum below, IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* be, and the same hereby is, GRANTED.  The Clerk of Court shall file [1-1] plaintiff's complaint; and

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted; and

IT FURTHER IS ORDERED that all pending motions be, and the same hereby are, denied as moot.

Nieya Andie Owusu Ansah ("plaintiff") commenced this civil action against defendant Raymond D. Jordan by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to assert a Bivens claim for "rape, assault, kidnapping, slander" and "[giving her a] STD."  Complaint for Violation of Civil Rights (Doc. No. 1-1) at p. 3.  Plaintiff identifies defendant as a "veteran" who lives in "Pittsburgh, PA."  Id. at 2.  She alleges that in 2003, defendant "lace[d]" her marijuana with "drugs" and "took advantage" of her.  Id. at 4.  Plaintiff further alleges that defendant put her "in [a] mental hospital" and that "harassment by

his family and friend[s]" occurred.  Id.  Finally, plaintiff asserts that there was an "incident of

[violent] assault" defendant perpetrated against her.  Id.  Plaintiff does not provide further factual

information about defendant's employment or status at the time of the encounters or how

defendant is subject to the jurisdiction of this court.

The United State Court of Appeals for the Third Circuit has instructed the district courts

to utilize a two-step analysis to determine whether to direct service of a complaint where the

plaintiff seeks to proceed in forma pauperis.  First, the court must determine whether the litigant

is indigent within the meaning of 28 U.S.C. § 1915(a).  Second, the court must determine

whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[1]  Roman v Jeffes,

904 F.2d 192, 194 n.1 (3d Cir. 1990).  The court finds plaintiff to be without sufficient funds to

pay the required filing fee.  Thus, she will be granted leave to proceed in forma pauperis.

Next, plaintiff's complaint is frivolous and will be dismissed because it fails to establish

jurisdiction and/or state a claim upon which relief may be granted.  In Neitzke, the Supreme

Court identified two types of legally frivolous complaints: (1) those based upon indisputably

meritless legal theory, and (2) those with factual contentions which are clearly baseless.  Neitzke

v. Williams, 490 U.S. 319, 327-28 (1989).  An example of the first is where a defendant enjoys

immunity from suit, and an example of the second is a claim describing a factual scenario which

is fanciful or delusional.  Id. at 328.  In addition, Congress has expanded the scope of 1915 to

require that the court be satisfied that the complaint states a claim upon which relief can be

granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. §

1915(e)(2)(B)(ii).

---

[1] This provision is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).

The court has an "independent obligation to determine whether subject-matter jurisdiction exists." D.C. v. Pittsburgh Pub. Sch., 415 F. Supp. 3d 636, 649 (W.D. Pa. 2019) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006). A complaint that does not satisfy the jurisdictional requirements must be dismissed. Id. Plaintiff has "the burden of establishing that the court has subject-matter jurisdiction." D.C., 415 F. Supp. at 648 (citing Reg'l Med. Transp., Inc. v. Highmark, Inc., 541 F. Supp 2d 718,725 (E.D. Pa. 2008).

Due to plaintiff's *pro se* status, the pleading must be construed liberally. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007). Liberally construed, plaintiff appears to be asserting her claim based on federal question jurisdiction because the parties are domiciled in the same state, invalidating diversity jurisdiction. See 28 U.S.C. § 1332; (Doc. No. 1-1) p. 2.

Federal question jurisdiction is proper when an action "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The entirety of plaintiff's basis for jurisdiction for her claims of "rape, kidnap, sexual assault, manipulation, trafficking, physical and verbal abuse, identity threat and a gas bill over 5k" hinge on the assertion of a "Bivens" claim arising out of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish a Bivens claim, a plaintiff must show "1) a person acting under color of law committed the conduct at issue and 2) the conduct deprived the plaintiff of a right, privilege, or immunity protected by the U.S. Constitution or laws of the United States." Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395 (1971).

Here, plaintiff does not overcome the first element because there are no facts asserted that show or imply defendant was acting under color of law. Nor has she averred facts that would establish any other basis for finding a violation of federal law. Thus, the complaint fails to make a sufficient showing that a basis for federal question jurisdiction exists.

Because plaintiff has not established a foundation for a "Bivens" claim or any other basis

to establish federal question jurisdiction, and there is a lack of diversity between the parties,

there is a lack of subject-matter jurisdiction over the complaint.  And it follows that the

"complaint" must be dismissed.  Compare D.C., 415 F. Supp at 649 (If the court "cannot

conclude . . . that jurisdiction requirements are met, then the court must dismiss the complaint.")

(citing In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d at 633).

The complaint fails to state a claim upon which relief can be granted and/or establish

subject-matter jurisdiction.  Accordingly, it will be dismissed.[2]

> s/David Stewart Cercone
> David Stewart Cercone
> Senior United States District Judge

cc:     Nieya Andie Owusu Ansah
        111 Tecumseh Street
        Apartment #206
        Hazlewood, PA 15207

        (*Via CM/ECF Electronic Mail*)

---

[2] Generally, a plaintiff is to be granted leave to amend where an amendment might be able to cure the deficiencies resulting in the dismissal.  Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  This principle does not apply, however, when the record indicates that any attempt to do so would be futile.  Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002).  Here, plaintiff does not provide facts to support her claims that the "defendant" was involved in or harmed her in a way that would give rise to a "Bivens" claim.  Nor does it appear that there is any reasonable basis to assume she might be able to do so.  Therefore, plaintiff's claim has been dismissed and the case has been closed.